# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| John Loiacono, | Case No.: |
| Plaintiff, | |
| v. | COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF |
| NCO Financial Systems, Inc., | |
| Defendant. | JURY DEMAND ENDORSED HEREIN |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Defendant is Pennsylvania Corporation that maintained its principal place of business in Horsham, Pennsylvania at all times relevant to this action.

3. Defendant regularly communicates with consumers throughout the United States by telephone and mail in order to collect various debts owed to others, making Defendant a "debt collector" as defined by 15 U.S.C. §1692a(6).

4. As described below, Defendant attempted to collect a debt from Plaintiff that was allegedly owed to Sallie Mae Financial, which is a "debt" as defined by 15 U.S.C. §1692a(5).

5. Plaintiff is a natural person that resided in St. Petersburg, Florida at a home owned and occupied by his parents at all times relevant to this action

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. Between approximately May 2009 and April 2010, Defendant telephoned Plaintiff at his parents' residence on numerous occasions.

8. During several of these communications, Plaintiff informed Defendant that Defendant was calling his parents' residence, provided Defendant with his cellular telephone number, and requested that Defendant call his cellular telephone number rather than his parents' residence if Defendant wished to speak to Plaintiff about the debt.

9. Despite these repeated requests, Defendant continued to call Plaintiff at his parents' residence to collect the debt.

10. During several of these communications, Defendant spoke to Plaintiff's father and demanded that he pay the debt because Plaintiff was unable to pay.

11. During one of these communications, Defendant demanded that Plaintiff's father borrow money from family members or friends to resolve the debt for Plaintiff.

12. During several of these communications, Plaintiff's father requested that Defendant no longer call his residence in connection with the collection of the debt, but Defendant also ignored these requests.

13. On or around March 23, 2010, Defendant telephoned Plaintiff.

14. During this communication, Defendant falsely represented that Plaintiff could be sentenced to between six months and one year in jail if he did not pay the debt.

15. Defendant caused Plaintiff emotional distress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. Defendant violated 15 U.S.C. §1692c(a)(1) by communicating with Plaintiff at a place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect a debt.

**JURY DEMAND**

27. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

28. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

                  RESPECTFULLY SUBMITTED,

                  Legal Helpers, LLP

                  By: _/s/ Karen Gatto_____
                  Helene Karen Gatto
                  Bar # 0190527
                  2901 West Busch Blvd, Suite 701
                  Tampa, FL 33618
                  Telephone:  866-339-1156
                  Email:  kga@legalhelpers.com
                  Attorneys for Plaintiff